[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks damages for injuries allegedly received as the result of a fall on a city sidewalk on September 24, 1994.
 I
While the defendant interposes the defense of a lack of notice, the plaintiff's photographs of the sidewalk in question depict a cracked, scaling and disintegrating surface with weeds growing through cracks and voids and vegetation encroaching along the edges.
Making all due allowances for the city's severe burden of caring for almost 500 miles of sidewalks, this condition in this area for so long strongly supports the conclusion that the city should have become aware of this condition and corrected it.
The plaintiff testified that she had lived at the address where the sidewalk defect existed for three and one-half years and she was aware of it during that time.
The court concludes that the defendant had constructive notice of this defect and that the defect was the proximate cause of the plaintiffs fall.
 II
Turning to the expenses incurred by the plaintiff, the plaintiff offered her medical bills of $4300, $3940 of which is for chiropractic treatment. Reading the emergency room notes and considering the plaintiffs recited injuries, the court finds that forty-three chiropractic visits for these injuries are a glaring example of overtreatment.
In addition, there is considerable confusion about specific body areas where a prior condition may have been a factor. The plaintiff's denial of a knee complaint in her deposition but its re-appearance in the trial adds to the uncertainty. CT Page 6620
The court has no bill for the emergency room treatment but will find economic damages to be $1210. Non economic damages are awarded in the amount of $3500, and the total of $4710 is reduced by $1570 for the plaintiffs contributory negligence.
 CONCLUSION
Judgment may enter for the plaintiff in the amount of $3140.
______________________ Anthony V. DeMayo Judge Trial Referee